IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JANE GRADFORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 1:12-cv-1942 |
| v. ) | |
| ) | **Jury Trial Demanded** |
| WILLIAMS & FUDGE, INC., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, (where Plaintiff resides in this district), and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff Jane Gradford ("Plaintiff"), is a natural person who at all relevant times resided in the State of Ohio, County of Cuyahoga, and City of Garfield Heights.

1

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Williams & Fudge, Inc. ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes. Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. In connection with the collection of an alleged debt in default, Defendant's agent and/or employee "April Adair" ("Ms. Adair") placed a telephone call to Plaintiff's

residence on March 15, 2012 at or about 8:45 A.M., and at such time, told Plaintiff that she "needed to go to the bank immediately and get a loan for $64,000.00 to prevent a lien from being placed on [her] home and [her] credit score being affected."

12. During the March 15, 2012 conversation, Ms. Adair told Plaintiff that she "could not arrange to make payments, the loan had to be paid in full."

13. The March 15, 2012 conversation was Defendant's initial communication with Plaintiff.

14. During the March 15, 2012 conversation, Defendant threatened to take an action that cannot legally be taken, or that was not intended to be taken, by threatening to put a lien on Plaintiff's home when no judgment had been obtained.

15. On or around March 18, 2012, Plaintiff called Defendant, and at such time, spoke with Ms. Adair, and demanded that Defendant cease and desist all telephone contact.

16. In connection with the collection of an alleged debt in default, Defendant sent Plaintiff its initial written communication dated March 19, 2012, and in such communication, stated in relevant part:

    Account #:    XX2247

    Amount Owed:    $19780.06

    * * * * *

    Creditor:    Wells Fargo Bank, N.A.

  Account #:   XXXXXX1824

  Amount Owed:   $19780.06

(Defendant's March 19, 2012 Communication, attached hereto as Exhibit "A").

  17. The amount owed in Defendant's March 19, 2012 initial written communication is $19,780.06, which is in direct contradiction to the amount of $64, 000 previously demanded in the March 15, 2012 telephone conversation between Defendant and Plaintiff.

  18. Despite Plaintiff's demand for Defendant to cease and desist from placing any and all telephone calls to Plaintiff, between March 18, 2012 and April 16, 2012, Ms. Adair placed several telephone calls to Plaintiff's residential telephone, and in such conversations, again threatened to lien Plaintiff's house if payment was not made.

  19. During one of said conversations, Plaintiff told Ms. Adair that "[she] felt threatened and harassed, and [she] had become so nervous that [she] could hardly think, and that [she] needed some time."

  20. During the same conversation, Ms. Adair told Plaintiff that she needed to speak with a supervisor, and upon speaking with said supervisor, Plaintiff was told that she "evidently did not understand what was going on here, and that [she] needed to take care of this matter immediately."

  21. Following the above statement, the supervisor began to yell at Plaintiff, causing Plaintiff to hang up the telephone.

22. Despite Plaintiff's demand for Defendant to cease and desist from placing any and all telephone calls to Plaintiff, on April 16, 2012, Defendant's agent and/or employee "Crystal Lawrence" ("Ms. Lawrence") placed a call to Plaintiff's residential telephone, and at such time, threatened Plaintiff by stating that "[her] time had run out and the loan was now $64,000 and not negotiable, due immediately."

23. During the April 16, 2012 conversation, Ms. Lawrence told Plaintiff to "call a credit union, go to a bank, or get a home equity loan to take care of this right away."

24. During the April 16, 2012 conversation, Defendant again misrepresented that the amount due is "$64,000," in direct contrast to the "$19,780,06" amount due in Defendant's March 19, 2012 written communication.

25. Despite Plaintiff's demand for Defendant to cease and desist from placing any and all telephone calls to Plaintiff, between April 16, 2012 and April 30, 2012, Ms. Lawrence placed several telephone calls to Plaintiff's residential telephone, and in such conversations, again threatened Plaintiff and told Plaintiff that she "needed to take care of this matter."

26. Despite Plaintiff's demand for Defendant to cease and desist from placing any and all telephone calls to Plaintiff, in connection with the collection of an alleged debt in default, Ms. Lawrence placed a call to Plaintiff's residential telephone on April 30, 2012 at 10:46 A.M., and at such time, left the following voicemail message:

> Ms. Gradford, Crystal Lawrence, Williams & Fudge, this is an attempt to contact you from a debt collector, never received payment or heard back from you my number is (803) 326-1285 this is 10:47 on April 30th and I need a call back before noon, thank you.

27. In its April 30, 2012 voicemail message, Defendant conveyed a false sense of urgency for the purpose of compelling Plaintiff to communicate with a debt collector.

28. After several threatening phone conversations, over the previous month, upon receiving Defendant's April 30, 2012 voicemail message, Plaintiff was too nervous to even discuss this matter so she gave Defendant's number to her daughter to call because she could no longer speak to Defendant without getting totally upset.

29. Plaintiff's daughter did attempt to contact Defendant on Plaintiff's behalf, but was unsuccessful.

30. In addition to the above-referenced telephone calls, despite Plaintiff's demand for Defendant to cease and desist from placing any and all telephone calls to Plaintiff, in connection with the collection of an alleged debt in default, Defendant placed the following calls to Plaintiff's residence, and at such times, failed to leave a voicemail message:

- April 19, 2012 at 12:10 P.M.
- April 20, 2012 at 9:25 A.M.
- April 20, 2012 at 4:45 P.M.
- April 23, 2012 at 2:15 P.M.
- April 24, 2012 at 2:17 P.M.

6

- April 24, 2012 at 4:34 P.M.
- April 26, 2012 at 11:29 A.M.
- April 27, 2012 at 9:35 A.M.
- April 30, 2012 at 4:48 P.M.

31. Defendant's actions constitute conduct highly offensive to a reasonable person.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692c(a)(1)

32. Plaintiff repeats and re-alleges each and every allegation contained above.

33. Defendant violated 15 U.S.C. § 1692c(a)(1) by communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated 15 U.S.C. § 1692c(a)(1);

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

   d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

   e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

7

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692d

34. Plaintiff repeats and re-alleges each and every allegation contained above.

35. Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692d;

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692d(5)

36. Plaintiff repeats and re-alleges each and every allegation contained above.

37. Defendant violated 15 U.S.C. § 1692d(5) by causing Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692d(5);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)

38. Plaintiff repeats and re-alleges each and every allegation contained above.

39. Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(A);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V
## VIOLATION OF 15 U.S.C. § 1692e(A)(10)

40. Plaintiff repeats and re-alleges each and every allegation contained above.

41. Defendant violated 15 U.S.C. § 1692e(A)(10) using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff, including, but not limited to: conveying a false sense of urgency in telephone calls to Plaintiff for the purpose of compelling Plaintiff to communicate with a debt collector; and misrepresenting that the amount owed is $64,000, when in fact, the amount owed is $19,780.06.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692e(A)(10);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI
## VIOLATION OF 15 U.S.C. § 1692f

42. Plaintiff repeats and re-alleges each and every allegation contained above.

43. Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means against Plaintiff in connection with an attempt to collect an alleged debt, including, but not limited to: threatening Plaintiff during several telephone calls in an attempt to get Plaintiff to pay an alleged debt; and yelling at Plaintiff during several telephone calls in an attempt to get Plaintiff to pay an alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692f;

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

44. Plaintiffs are entitled to and hereby demand a trial by jury.

This 26th day of July, 2012.

WEISBERG & MEYERS, LLC

/s/ Ronald S. Weiss
Ronald S. Weiss
Ohio Bar No. 0076096
7035 Orchard Lake Road, Suite 600
West Bloomfield, MI 48322
RWeiss@AttorneysForConsumers.com
(888) 595-9111 ext. 230
(866) 565-1327 Fax
*Lead Counsel for Plaintiff*

**Correspondence address**

Weisberg & Meyers, LLC
5025 N. Central Ave., #602
Phoenix, AZ 85012